UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SCOTT BOTKA,

    Petitioner,

-vs-                                  Case No.  6:10-cv-285-Orl-36DAB

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

    Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8).  Petitioner filed a reply to the response (Doc. No. 12).

    Petitioner alleges one claim for relief in his habeas petition: he received ineffective assistance of trial counsel.

**I.**    *Procedural History*

    Petitioner was charged by second amended information with one count of leaving the scene of a crash involving death and serious bodily injury (count one) and one count

of tampering with physical evidence (count two). Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter pleas of nolo contendere to the charges. The trial court held a hearing on the pleas and ultimately accepted them. The trial court then adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of five years, to be followed by probation for a term of fifteen years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, raising three claims. The trial court held an evidentiary hearing on the claims, and Petitioner decided to forego claim one. The trial court thereafter entered an order denying claims two and three. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

Petitioner was released from prison on September 22, 2010, and he is currently serving the probationary portion of his sentence.

## II.     Legal Standards

### A.     *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>  (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

---

[1] Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.    *Standard for Ineffective Assistance of Counsel*

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the Strickland test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the Strickland test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90.

III.   Analysis

A.    *Petitioner's Claim*

Petitioner argues that he received ineffective assistance of counsel because of the following: a) counsel failed to properly advise him that the tampering with physical

4

evidence charge was invalid under the facts of this case; and b) counsel failed to properly advise him that the tampering with physical evidence charge was merely supported by circumstantial evidence and the "impermissible stacking of inferences." This claim was raised in Petitioner's Rule 3.850 motion and was denied because Petitioner's counsel did not act deficiently.

### 1. Factual Background

The charging affidavit in the underlying state proceedings stated that, in the early morning hours of May 13, 2005, Petitioner was driving a motor vehicle at a high rate of speed and that Petitioner crashed into two other motorcycles. One of the motorcyclists was ejected into the road and died at the scene; the other motorcyclist was ejected into the median and suffered serious injuries. The charging affidavit also stated that Petitioner wilfully left the scene of the crash.

The initial information charged Petitioner with one count of leaving the scene of a crash involving death, one count of leaving the scene of a crash involving injury, and one count of vehicular homicide. The amended information charged Petitioner with the same three counts and added an additional count of tampering with physical evidence. The tampering count alleged that Petitioner concealed or removed "his body and/or blood with the purpose to impair its verity or availability in a proceeding or investigation." As discussed above, the second amended information only involved two counts: 1) leaving the scene of a crash involving death and serious bodily injury, and 2) tampering with physical evidence.

**2.    Issue a.**

Petitioner states that counsel failed to properly advise him that the tampering with physical evidence charge was invalid under the facts of this case. According to Petitioner, the tampering with physical evidence statute involves documents, records or "things," and neither his body nor his blood is a thing under the tampering with evidence statute. This issue was raised in Petitioner's Rule 3.850 motion, and it was denied based on the following:

> [T]he Court finds that the evidence supports a finding that Defendant intentionally failed to remain at the scene, tore his arm band off, and concealed himself at the hospital; the Court finds further that these actions, among other, create the reasonable inference that Defendant's purpose was to prevent the police from getting access to (i.e., to "conceal") his blood for an anticipated blood test, which test Defendant knew would have revealed his blood alcohol level for possible DUI or traffic homicide charges. Finally, the Court finds that a person's blood alcohol level does constitute a "thing" for purposes of the Tampering with Evidence statues.

(Appendix L, Order Denying Rule 3.850 Motion at 4.)

The applicable statute was section 918.13(1)(a), Florida Statues, which provided as follows:

> 1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
>
> (a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation;

Petitioner fails to cite to, and the Court is unable to find, any Florida case law

holding that the tampering statute did not apply or was otherwise invalid under the factual circumstances of this case. As a result, Petitioner's counsel did not act unreasonably with regard to this issue.

Moreover, it is clear that Petitioner's counsel, C. Michael Barnette, researched the matter and concluded that there was no basis to challenge the tampering charge. At the evidentiary hearing, Mr. Barnette testified that he had conducted research on the issue and found "no case law at that time that said that your body or your blood alcohol level couldn't be an object or a thing concealed . . . ." (Appendix J, Transcript of Evidentiary Hearing at 109.) According to Mr. Barnette, "[t]here was nothing that would have enabled me to file a motion to dismiss that would have been granted. It was within the statute. The evidence was clear . . . that Mr. Botka knew there was an ongoing investigation and that he was being told to stay at the scene." *Id*. at 110.

In addition, Mr. Barnette attempted to get the prosecutor to dismiss the tampering charge, but the prosecutor refused and intended to go to trial if Petitioner did not enter a plea to the charge. *Id*. at 98-100. According to Mr. Barnette, even the deal ultimately agreed-upon by the State was controversial, as the "higher ups" in the State Attorney's Office did not like the deal. *Id*. at 100-02. Clearly, the prosecutor would not have dropped the vehicular homicide count without the plea negotiations. *Id*. at 104.

The victims were very vocal and upset, and the plea was carefully structured to address their concerns as best they could. *Id*. at 105. The prosecutor was "backed into a corner" and was willing to risk an acquittal on the vehicular homicide count to prevent

taking "the heat [for] dropping" the charges without a plea agreement. *Id*. at 116-17, 124. Moreover, as a result of the plea, Petitioner's counsel secured a favorable sentencing scoresheet and prevented a trial with inflammatory evidence. Thus, the trial court did not hear "all of the gory details" of the accident, and, at sentencing, the focus was not on the death that occurred. *Id*. at 120, 135-36, 153. Accordingly, after six months of extensive investigation and depositions, Mr. Barnette advised Petitioner to take the plea and to try to get a sentence at the bottom of the sentencing guidelines. *Id*. at 122-23.

Under the circumstances, the Court finds that counsel acted reasonably with regard to this matter and that Petitioner has not shown prejudice. Further, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. Hence, this issue is without merit.

  **3. Issue b.**

Petitioner states that Mr. Barnette failed to properly advise him that the tampering with physical evidence charge was merely supported by circumstantial evidence and the "impermissible stacking of inferences."

The record reflects that Mr. Barnette and the trial court determined that there was ample evidence supporting a finding that, under the circumstances, a reasonable person would have known that there was an ongoing investigation requiring the Petitioner's presence and cooperation, which included the withdrawal and testing of his blood. *Id*. at

8

157-59, 168-69. Certainly, it would have been reasonable for a jury to conclude that Petitioner took evasive actions to avoid having his incriminating blood alcohol level discovered.

Mr. Barnette completed a full investigation, assessed the evidence against his client, discussed the strengths and weaknesses of that evidence with his client, and rendered completely reasonable advice that the Petitioner wisely accepted. Mr. Barnette's advice to accept the plea agreement was reasonable in light of the facts of the case and the benefit of entering into the plea.

As such, the Court finds that counsel acted reasonably with regard to this matter and that Petitioner has not shown prejudice. In addition, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. Therefore, this issue is without merit.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Scott Botka is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 27th day of September, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 9/27
Counsel of Record
Scott Botka